UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| EVAN KOZIERACHI, | Case No. 6:25-cv-00350-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| ST. CHARLES HEALTH SYSTEM, INC., | |
| Defendant | |

**KASUBHAI,** United States District Judge:

Self-represented plaintiff Evan Kozierachi ("Plaintiff") brought this action against St. Charles Health System, Inc. ("Defendant") under the Americans with Disabilities Act (the "ADA") and Oregon law. First Am. Compl., ¶¶ 16-42, ECF No. 30 ("FAC"). Before the Court is Plaintiff's Motion for Equitable Tolling (ECF No. 5) and Defendant's Motion to Dismiss (ECF No. 42). For the reasons below, Plaintiff's Motion is DENIED, and Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

Plaintiff's claims arise from his employment with Defendant and his termination from that employment in July 2020. FAC ¶¶ 7-15. Plaintiff began employment with Defendant in 2018 as a Medical Librarian and received positive evaluations. FAC ¶¶ 6-7. In October 2019, Plaintiff informed Defendant that he suffers from bipolarism, Asperger syndrome, and obsessive-compulsive disorder that becomes debilitating. FAC ¶ 8; Pl. Supp. Decl. Opp'n Mot. to Dismiss,

ECF No. 46 ("Pl. Supp. Decl.") ¶ 2, 7-8. He submitted an accommodations request to Defendant in December 2019 asking for explicit instruction and communication for email correspondence. FAC ¶¶ 8-9. Plaintiff alleges that Defendant did not adequately address his request. FAC ¶ 9. In December 2019, Defendant placed Plaintiff on leave for his tone in emails, which Plaintiff alleges were caused by his disabilities. FAC ¶ 10.

During the COVID-19 pandemic, Plaintiff advocated for the efficacy of Vitamin D and Ivermectin in treating COVID-19, which differed from Defendant's reliance on vaccines. FAC ¶ 11. Plaintiff alleges that Defendant met his advocacy with resistance and adverse treatment. FAC ¶ 11. Plaintiff also raised concerns over the lack of Native American representation on Defendant's bioethics committee. FAC ¶ 14. Defendant terminated Plaintiff's employment on July 28, 2020, after Plaintiff recorded a meeting of the bioethics committee without consent.[1] Plaintiff alleges that his termination was retaliation for raising concerns, seeking accommodations, engaging in protected activities, and whistleblowing on Defendant's handling of alternative COVID-19 treatments. FAC ¶ 14. Plaintiff further alleges that his termination and Defendant's actions caused him significant emotional distress, reputational harm, and financial hardship. FAC ¶¶ 30, 35, 40.

On September 3, 2020, Defendant acknowledged receipt of a psychological evaluation of Plaintiff, concluding that Plaintiff met the criteria for autism spectrum disorder.[2] Plaintiff received an Equal Employment Opportunity Commission ("EEOC") Notice of Right to Sue on October 7, 2021, on the fourth anniversary of his brother's death. Pl. Mot. Equitable Tolling ¶ 6, ECF No. 5 ("Pl. Mot."). Plaintiff alleges that receiving the Notice on that date caused him severe

---

[1] Exhibits, narrative, and relevant materials to plaintiff's case for court ("Pl. Exs.") *file* "Exhibit Y . . ." *in folder* "Exhibits;" ECF No. 9; FAC ¶ 12.
[2] Pl. Exs. *file* "Exhibit Y . . ." *in folder* "Exhibits."

psychological distress and prevented him from timely acting on the Notice. Pl. Mot. ¶ 6. In September and November 2021, Plaintiff sought treatment for ongoing, tentative diagnoses of bipolar I disorder, generalized anxiety disorder, Asperger syndrome, and obsessive-compulsive disorder.[3] Despite his impairments, his healthcare provider assessed his insight and judgment as "fair" and his thought process as "linear" and "goal directed."[4]

Plaintiff underwent a fitness to proceed evaluation on March 7, 2022, in relation to criminal charges.[5] The evaluation concluded that Plaintiff met the criteria for autism spectrum disorder and bipolar I disorder and that Plaintiff could sufficiently participate in proceedings by video but not in-person proceedings.[6] He was diagnosed with depression on October 20, 2022, after suicidal symptoms.[7] At that time, his father reported that Plaintiff was helpless and unable to get out of bed.[8] In April 2023, his healthcare provider noted his impairments but assessed his judgment as "good," memory as "intact," and insight as "full."[9]

Prior to Defendant's first responsive pleading, Plaintiff filed a motion for equitable tolling of the relevant statute of limitations based on severe mental incapacitation. Pl.'s Mot. 2. Defendant filed a motion to dismiss, arguing that Plaintiff's claims are barred by the applicable statute of limitations and that Plaintiff is not entitled to equitable tolling. Def.'s Mot. 6-8. In the alternative, Defendant moves to dismiss Plaintiff's claims for failure to state a claim and on

---

[3] Pl. Exs. *files* "MyChart - Past Visit Details (Nov 11, 2021)" *and* "MyChart - Past Visit Details (Sep 16, 2021)" *in subfolder* "To Review" *in folder* "Exhibits."
[4] *Id.*
[5] Pl. Exs. *file* "Ex. W . . ." *in folder* "Exhibits" at 1.
[6] *Id.* at 10, 12.
[7] Pl. Exs. *file* "Ex. H1 . . ." *in folder* "Exhibits."
[8] Pl. Exs. *file* "MyJeffersonHealth - Past Visit Details" *in subfolder* "To Review" *in folder* "Exhibits."
[9] Pl. Exs. *file* "Hospital Outpatient Visit - Apr 11, 2023 - MyJeffersonHealth - Past Visit Details)" *in subfolder* "To Review" *in folder* "Exhibits."

Page 3 — OPINION AND ORDER

preemption grounds. Def.'s Mot. 8-14. Because the Court finds that Plaintiff's claims are time barred, the Court does not reach Defendant's alternative theories.

## STANDARDS

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the action must be dismissed. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Id.* at 555 (citations omitted). Moreover, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions–which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted–and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In short, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (citation omitted).

A statute of limitations defense may dismiss a claim under Rule 12(b)(6) "only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). A court must liberally construe the filings of a self-represented plaintiff and give them the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity

to amend prior to dismissal of the action." *Garity v. APWU National Labor Organization*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## DISCUSSION

Plaintiff brings seven claims against Defendant: (1) violation of the ADA, (2) retaliation under the ADA, (3) wrongful termination, (4) violation of Oregon whistleblower laws, (5) defamation, (6) intentional infliction of emotional distress (IIED), and (7) negligent infliction of emotional distress (NIED). FAC 4-6. Because Plaintiff's claims arise from his termination and events on or near July 28, 2020, Pl. Mot. 2, the threshold issue is whether his claims are timely. As a result, the Court first turns to Plaintiff's Motion for Equitable Tolling, ECF No. 5.

**I.    Plaintiff's Allegations Are Insufficient to Toll the Relevant Statutes of Limitations.**

**A.    Plaintiff's Claims Carry Limitations Periods of Two Years or Fewer.**

Plaintiff's first two claims allege violations of the ADA. Claims under the ADA must be brought within ninety days of receipt of the right to sue letter or within three days of its issuance if the date of receipt is unknown. *Payan v. Aramark Mgmt. Servs. Ltd.*, 495 F.3d 1119, 1121-23 (9th Cir. 2007). Plaintiff received his EEOC notice on October 7, 2021. Pl. Mot ¶ 6. Therefore, Plaintiff must toll the limitations period for every 90-day period since October 2021.

Plaintiff's remaining claims for common law wrongful discharge, whistleblower retaliation, defamation, intentional and negligent infliction of emotional distress carry limitations periods of one to two years. ORS 12.110(1) (providing a two-year limitations period for wrongful termination, NIED, and IIED); *Stupek v. Wyle Laby's. Corp.*, 327 Or. 433, 435 (1998) (citing ORS 12.110(1); ORS 659A.875(1)(A) (providing a one-year limitations period for whistleblower retaliation); *Kraemer v. Harding*, 159 Or. App. 90, 103 (1999) (applying a one-

year limitations period for defamation). Plaintiff must toll every limitations period for these claims since July 28, 2020.

Federal statutes of limitations may be equitably tolled when extraordinary circumstances, typically those beyond a litigant's control, prevented timely filing. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013). Mental impairment may toll the statute of limitations if (1) the impairment was so severe that it either (a) prevented the litigant from understanding the need to timely file or (b) rendered them unable to personally prepare and file a complaint and (2) the litigant demonstrates that, despite diligent pursuit, the impairment "made it impossible to meet the filing deadline under the totality of the circumstances." *Johnson v. Lucent Tech. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011) (quoting *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010)). The party seeking equitable tolling must satisfy the test. *Bills*, 628 F.3d at 1099-1100.

### B. Plaintiff's ADA Claims Are Not Tolled.

Plaintiff alleges that he received the EEOC notice of his right to sue on October 7, 2021, the fourth anniversary of his brother's suicide. Due to the timing of his receipt of the notice, Plaintiff alleges that he suffered severe psychological distress which prevented him from timely filing this action. Plaintiff further alleges that he was hospitalized multiple times following termination. While Plaintiff's mental impairments during the period are evident, Plaintiff's submissions show that, despite his impairments, his healthcare provider assessed his insight and judgment as "fair" and his thought process as "linear" and "goal directed" during the ninety-day period.

When viewed most favorably to Plaintiff, Plaintiff's allegations lack the required specificity to rise above conclusory allegations and fail to meet either prong of the *Johnson* test during the ninety-day period. The statute of limitations for his ADA claims is not tolled.

**C.    Plaintiff's State Claims Are Not Tolled.**

With respect to Plaintiff's state claims, the statute of limitations for certain tort claims may be tolled if "a disabling mental condition [bars] the person from comprehending rights that the person is otherwise bound to know." ORS § 12.160(3).

    1.    Plaintiff's Whistleblower Claim

The tolling provision in ORS 12.160 is inapplicable to Plaintiff's whistleblower claim which arises under ORS Chapter 659A. *See Stupek*, 327 Or. at 446 (holding that ORS § 12.160 applies only to the statutes enumerated in its text). The basis for Plaintiff's whistleblower claim, ORS 659A.199, is not enumerated in ORS 12.160, and Chapter 659A does not contain a tolling provision for mental incapacity. *Id.*; *Santrizos v. Evergreen Fed. Sav. & Loan Ass'n*, No. 06-886, 2007 WL 283024, at *2 (D. Or. Jan. 18, 2007). Therefore, Plaintiff's whistleblower claim is not tolled.

    2.    Plaintiff's Defamation Claim

Plaintiff further alleges that, within one year of his termination, losing health insurance during the pandemic exacerbated his distress. Pl. Mot. ¶ 9. These allegations are insufficient to show that Plaintiff could not comprehend his rights. Plaintiff conferred with counsel about a cease-and-desist order that Plaintiff received from Defendant, requested his personnel file, and applied for unemployment benefits during this time.[10] Plaintiff's defamation claim is not tolled.

---

[10] *See* Pl. Exs., *files* "Exhibit S - This was taped to my front door VIA PERSONAL SERVICE, which deeply disturbed my mom &, thus, me" (cease and desist letter); "Exhibit Z . . ." (application for unemployment benefits) *in folder* "Exhibits" *and file* "Exhibit S1 . . . " (request for personnel file) *in subfolder* "To Review" *in folder* "Exhibits."

Page 7 — OPINION AND ORDER

        3.      <u>Plaintiff's IIED, NIED, and Wrongful Discharge Claims</u>

Plaintiff's IIED, NIED, and wrongful discharge claims also relate to his employment with Defendant and subsequent termination. In the two years following that termination, until July 28, 2022, Plaintiff received the EEOC letter on the anniversary of his brother's death and underwent a fitness evaluation that found he met the criteria for autism spectrum disorder, and bipolar I disorder. The evaluation concluded that he could sufficiently participate in video proceedings but not in-person hearings. Shortly thereafter, he executed a purported Power of Attorney "in sound mind, body, [and] spirit."[11] Plaintiff connects his impairments and his ability to pursue his rights through his mere allegation that receiving the EEOC letter on the anniversary of his brother's tragic death exacerbated his psychological distress and his father's report that Plaintiff would not get out of bed in October 2022, more than two years after Plaintiff's termination. Plaintiff's submissions, although liberally construed, do not show that his impairments prevented him from comprehending his rights for the last four years. He thus fails to toll the statute of limitations.

**II.    Each of Plaintiff's Claims Are Time Barred.**

Plaintiff's claims, as alleged, all accrue from his termination and related events on or near July 28, 2020, more than four years before Plaintiff filed his first complaint. Pl. Mot. 2; FAC ¶¶ 12-15; Pl. Compl. 5, ECF No. 1. Plaintiff's submissions, although liberally construed, are insufficient to toll the statute of limitations. As a result, plaintiff's complaint is time barred.

/ / /

/ / /

/ / /

/ / /

---

[11] Pl. Supp. Notice Ex. PoA-20220309, ECF No. 47-1.

Page 8 — OPINION AND ORDER

## CONCLUSION

For the reasons above, Plaintiff's Motion for Equitable Tolling (ECF No. 5) is DENIED, and Defendant's Motion to Dismiss (ECF No. 42) is GRANTED. Plaintiff's claims are dismissed with prejudice because amendment is futile.

DATED this 17th day of September 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge
